UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROY LEE ROGERS,

        Petitioner,

v.                                            Case No. 11-C-137

JEFFREY PUGH,

        Respondent.

**ORDER**

        Roy Lee Rogers filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. I directed the Respondent to brief certain threshold issues that presented themselves, including timeliness and whether the petition was a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b). The Respondent has ably argued that these threshold issues do not bar consideration of the petition. The petition is not rightly deemed "second or successive" because, in short, the merits of the claims now being brought have never been litigated in a federal habeas proceeding. Although the procedural circumstances of the petition are unusual, the purposes served by § 2244(b) are not in play in this habeas challenge. The state has also argued that the petition is timely, and it appears to be correct on that score as well. I will thus proceed to screen the petition in accordance with Rule 4 of the Rules Governing § 2254 Actions.

        Rogers raises six now-exhausted claims. First, he alleges that he was not adequately informed of his *Miranda* rights and that he requested, but was denied, the assistance of counsel.

Second, he asserts that his inculpatory statement was the product of police coercion. Third, he claims that his plea was not voluntarily made because the plea colloquy was defective. Fourth, he argues that his arrest was unlawful and that his statement should have been suppressed on Fourth Amendment grounds. Fifth, he claims his trial counsel was ineffective for failing to investigate the circumstances of Rogers' arrest. Finally, he claims that postconviction counsel was ineffective for failing to cite a state statute that requires notification of parents when their child is in custody. Each of these claims was considered by the state court of appeals.

With one exception, I cannot conclude from the face of the petition that the claims lack merit. Accordingly, the Respondent will be directed to file a response. The exception is the Fourth Amendment claim. Rogers' Fourth Amendment claim asserts that evidence should have been suppressed following an allegedly illegal arrest. The exclusionary rule, which mandates suppression of such evidence, is designed to punish police misconduct, not to create rights that may be asserted by the defendant. As such, it is typically not enforced in federal habeas proceedings. *Stone v. Powell,* 428 U.S. 465, 494 (1976) ("[W]e conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment Claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." (footnote omitted)). Here, it is obvious that Rogers received a full and fair opportunity to raise the Fourth Amendment claim in both the state trial and appellate court. *See Cabrera v. Hinsley,* 324 F.3d 527, 531 (7th Cir. 2003). Accordingly, claim four will be dismissed.

Rogers has also filed a motion to supplement his pleadings. The motion is somewhat unclear, in that most of the material contained within has already been asserted in his original petition. The motion does seek to add additional claims, however these claims lack merit. Claim

2

"E" simply repackages certain of the above-described claims as an ineffective assistance of postconviction counsel claim. There is no reason to litigate these claims both as underlying claims *and* as ineffective assistance claims. In fact, an ineffective assistance claim is harder because counsel's conduct is presumed to be correct. In short, Claim "E" simply does not add anything to the petition and would result in needless duplication of efforts. Claims "F" and "G" will also be dismissed. They assert that the Wisconsin Court of Appeals violated state procedural law by not liberally construing his *pro se* pleadings and by allowing the state to file a replacement brief. These claims do not raise any federal constitutional issues relating to Rogers' judgment of conviction and thus are not subject to review in a § 2254 proceeding like this. Accordingly, the motion to supplement is **DENIED**.

**THEREFORE, IT IS ORDERED** that Claim Four is **DISMISSED.** The motion for an extension of one day to file the Respondent's brief is **GRANTED**.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages,.

Dated this    18th    day of May, 2012.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge

4